**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\* \* \***

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:08-cr-0181-HDM-LRL |
| v. ) | |
| ) | **O R D E R** |
| ALXAVIER WOODS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Before the court is defendant's Motion to Dismiss Indictment Based Upon Prosecutorial Delay, or in the Alternative, For Release of the Defendant on Pretrial Conditions (#18). The court has also considered the government's Response (#21), and defendant's Reply (#22). Defendant no longer moves for dismissal, asking the court only for pretrial release. Reply (#22) at 2. For the following reasons, the motion will be denied.

**BACKGROUND**

Defendant Alxavier Woods ("Woods") is under indictment on one count of Felon in Possession of a Firearm, a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and three counts of Possession with Intent to Distribute a Controlled Substance, violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and (b)(1)(B)(iii). Indictment (#1). Woods made his initial appearance in this case on June 27, 2008. He was arraigned and entered pleas of not guilty to all charges, and trial was scheduled for August 26, 2008. The government moved for pretrial detention on the ground that Woods was a danger to the community. Min. (#9). Following the proffers and arguments of counsel, and after weighing the factors enumerated under the Bail Reform Act, 18 U.S.C. § 3142(g), the court detained Woods pending trial. Specifically,

the court found the following:

> Defendant is not only charged with a drug-related type of offense and Felon in Possession of [a] Firearm in this case, but looking at his criminal history, the defendant has been convicted of four Felonies-two of which are for drug related offenses, one of which is for a crime of violence, and another for Grand Larceny Auto.  In addition, there is a presumption because there are now more drug charges.  He has an extensive felony record that dates back ten years and the most recent conviction [was] just two years ago.

Order (#14).  On this basis the court found by clear and convincing evidence that Woods was a danger to the community and that no condition or combination of conditions of release would reasonably assure the safety of the community.  *Id.*  The parties agreed that this case would be governed by a Joint Discovery Agreement. *See* Min. (#8).[1]  The standard Order Regarding Pretrial Procedure (#11) was entered.

On August 1, 2008, the parties filed a stipulation to continue the trial date. Stip. (#16); *see also* Stip. (#17).  The reason for the continuance was that as of August 1, 2008—nearly five weeks after the arraignment and plea—Woods' counsel was "awaiting discovery in this matter."  The stipulation also noted that Woods "does not object to the continuance." *Id.*  On August 5, 2008, Woods filed the instant Motion (#18).  By Order (#20) dated August 6, 2008, the court approved the stipulation and continued the trial to October 21, 2008.  The court found that the additional time needed for motion and trial preparation was excludable under the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(A) and (B)(I) and (iv).  The discovery materials were finally provided to Woods on August 12, 2008.  Opp'n (#21) at 2 n.1.

## ANALYSIS

Woods argues that the government's failure to timely provide him with discovery, which necessitated the continuance of the trial, warrants his release from custody pending trial.  Mot. (#18)

---

[1] LCR 16-1(b)(1)(ii) requires the parties to *file* the Joint Discovery Agreement.  It must be filed not more than five days after arraignment. LCR 16-1(b)(1)(iv)(C) requires the government to disclose all materials required by federal statute, rule, or the Constitution within five days of filing the Joint Discovery Statement.  All other government disclosures are to be made in accordance with the terms of the Joint Discovery Agreement.  LCR 16-1(b)(1)(iv)(D).  No Joint Discovery Agreement has been filed in this case.  The parties are directed to file it forthwith.

2

1   at 3-4; *see also* Reply (#22) at 2-3.  Recognizing that dismissal of the Indictment "would be too harsh"

2   a sanction for the government's failure to timely meet its discovery obligations, Reply (#22) at 2, Woods

3   contends that a "more fitting" sanction would be to release him from custody pending trial.  *Id.*  He is

4   careful to note that his motion is not one to reopen the detention hearing based on new information.

5   Rather, the motion seeks release only as a sanction for government's delay in providing discovery.

6         The court does not countenance undue delay in the provision of discovery materials.  Because

7   the parties have not filed the Joint Discovery Agreement, the court is unaware of the specific disclosure

8   deadlines set forth in the Agreement.  Nevertheless, the court is aware that typical Joint Discovery

9   Agreements require the government to disclose within *ten days* of the arraignment all materials whose

10  production is required under Fed.R.Crim.P. 16(a)(1)(A)-(F), all search warrants and related materials

11  that may be offered at trial, and all relevant investigative reports (except those relating to interviews of

12  prospective government witnesses).  Hence, it is likely that the bulk of the discovery materials in this

13  case were to have been produced by July 7, 2008.  They were not produced until August 12, 2008, more

14  than five weeks late.  While the court recognizes that the delay in production was likely due to problems

15  associated with the post-indictment substitution of government counsel, the court expects the

16  government conscientiously to self-monitor its discovery obligations, especially when a defendant has

17  been detained pending trial.

18        Here, however, the court finds that the delay in production of discovery materials, and the

19  consequent delay in the trial date, was not so great as to warrant the requested sanction.  The question

20  is whether Woods' detention has been so prolonged as to constitute punishment without trial in violation

21  of the Due Process Clause of the Fifth Amendment.  *See* U.S. Const. amend. V.  In *United States v.*

22  *Ailemen*, 165 F.R.D. 571 (N.D. Cal. 1996), the court focused on three factors in considering the due

23  process implications of pretrial detention: (1) the length of the expected delay; (2) the extent to which

24  the prosecution and/or the courts have been responsible for any unnecessary delays; and (3) the

25  magnitude of the threat to the government's regulatory interests.  *Id.* at 589.  Evaluation of these factors

26  yields the conclusion that Woods' detention does not offend the principles of due process.

3

**A. LENGTH OF EXPECTED DELAY**

Woods has been in federal custody on the current charges since late June, 2008.  Trial is set to begin on October 21, 2008.  No further continuances will be granted. *See* Order (#20) at 3.  This case is not complex.  If he is not released, Woods' pretrial detention would be approximately four months.  Courts generally decline to entertain due process challenges to pretrial detention when the length of detention is as short as one year.  *See, e.g.*, *United States v. DiGiacomo*, 746 F. Supp. 1176, 1182 (D. Mass. 1990) (due process violation "has not yet occurred" in case where defendants already incarcerated for four (4) months and trial not expected to be completed for another year); *United States v. Colombo*, 777 F.2d 96, 97-98, 100 (2d Cir. 1985) (due process determination "premature" where defendant detained seven (7) months at time of decision and expected to be detained thirteen (13) months to two (2) years before completion of trial).  Clearly the anticipated length of pretrial delay in this case does not support a due process claim.

**B. RESPONSIBILITY FOR DELAY**

The government notes that it was Woods who sought to delay the trial.  Woods responds, of course, that it was the government's failure to timely provide discovery that necessitated the request for a continuance.  As noted, responsibility in this case for the delay in production of the discovery must ultimately fall on the government, notwithstanding that the delay was neither willful nor grossly negligent.  Where a defendant is detained pending trial, the government's duty to provide discovery timely is all the more pressing.[2]

**C. MAGNITUDE OF THE THREAT TO THE GOVERNMENT'S REGULATORY INTERESTS**

"There are three regulatory interests that pretrial detention could serve: (1) protecting the

---

[2] *See Ailemen*, 165 F.R.D. at 592-93 ("the government's obligation to expedite pretrial proceedings grows when the government has moved for detention pending trial") (citing *United States v. Salerno*, 794 F.2d 64, 79 n.2 (2d Cir. 1986) (Feinberg, C.J., dissenting on other grounds) ("Pretrial detention under any circumstances is an extraordinary remedy with serious due process implications.  If the government seeks the benefit of that remedy it must exert itself to accelerate the date for a trial."), *rev'd*, 481 U.S. 739); *United States v. Jackson*, 823 F.2d 4, 8 ("when the government moves for pretrial detention it has an obligation to arrange for the trial as quickly as possible, using 'extraordinary means' if necessary") (quoting *Salerno*, 794 F.2d at 79 n.2).

4

1    integrity of the trial process (by, for example, preventing a defendant from attempting to intimidate

2    witnesses, jurors, or others involved in the prosecution), (2) preventing danger to the community, and

3    (3) assuring that the defendant is present for trial and, if convicted, for sentencing (the risk of flight

4    factor)." *Ailemen*, 165 F.R.D. at 595.

5              Here, analysis of the magnitude of the threat to the government's interest in preventing danger

6    to the community supports detention. As far as can be discerned from the record before the court, the

7    government's case on the merits appears strong.  So too is the government's showing of Woods'

8    dangerousness.  The distribution of illegal narcotics (methamphetamine, cocaine and cocaine base, as

9    alleged here), without more, causes serious harm to society. "Drug [dealing] also creates additional real

10   dangers—through crimes committed by addicts seeking to support their habits, through plain human

11   suffering, and because people engaged in the sale of illegal substances sometimes commit or direct

12   violent crimes in furtherance of their enterprises." *Ailemen*, 165 F.R.D. at 596.  In the case at bar, for

13   example, Woods is charged with possessing a .45 caliber Norinco 1911A1 handgun, having previously

14   been convicted of a crime punishable by imprisonment for a term exceeding one (1) year.  Indictment

15   (#1) at 1-2.

16             It is also relevant that prior to his incarceration, Woods used marijuana daily for most of his life,

17   PCP weekly for six (6) months, and occasionally used methamphetamine.  He also indicated that he

18   consumed 750 ml of Hennessy liquor every day, in addition to "a few beers." *Id.*  Woods is charged

19   with drug-related offenses and Felon in Possession of Firearm in this case.  Indictment (#1).  He has

20   been convicted of four (4) felonies, two (2) of which were for drug-related offenses, one (1) of which

21   was for a crime of violence, and another for Grand Larceny Auto.  Woods' felony record dates back ten

22   (10) years, with his most recent conviction—Possession of a Controlled Substance—occurring

23   approximately two (2) years ago.  *Id.*  This evidence of persistent drug-related activity and violent

24   criminal behavior shows that Woods poses a danger not only to himself, but also to the community, and

25   that no conditions or combination of conditions will reasonably assure the safety of the community.

26             In view of the foregoing, the court concludes that Woods' continued pretrial detention would

5

1  not violate his due process rights.

2          Accordingly, and for good cause shown,

3          IT IS ORDERED that defendant's Motion to Dismiss Indictment Based Upon Prosecutorial

4  Delay, or in the Alternative, for Release of the Defendant on Pretrial Conditions (#18) is DENIED.

5          DATED this 2nd day of September, 2008.

6

7                                          **LAWRENCE R. LEAVITT**
                                           **UNITED STATES MAGISTRATE JUDGE**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26